## School Directors of District No. 7 v. Rosa Tingley.

1. OFFICERS DE FACTO—*Acts of—When Valid.*—The acts of officers *de facto* are as valid and effectual where they concern the rights of third persons, as officers *de jure.*

2. SCHOOLS—*De Facto Directors—Employment of Teachers.*—Page and Rollins were declared elected directors at an election in a school district, Kuykendall and Mott contested their election and were declared elected by the County Court. Pending an appeal to the Supreme Court by Page, they employed a competent person as teacher and who taught the school during the term. Afterward the Supreme Court reversed the judgment of the County Court, holding that Page and not Kuykendall was elected. *Held,*

that Kuykendall was from the date of the judgment of the County Court, until the same was reversed by the Supreme Court, a *de facto* director of the district, and his acts as such in employing the teacher were binding upon it.

**Assumpsit,** for teacher's wages. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

GRAHAM & TIBBS, attorneys for appellant.

ROBERT E. HAMILL, attorney for appellee. PALMER, SHUTT, HAMILL & LESTER, of counsel.

The acts of officers *de facto* are as valid and effectual where they concern the public or the rights of third persons as though they were officers *de jure*. Sharp v. Thompson, 100 Ill. 447.

In the People ex rel. Bangs, 24 Ill. 184, it was held that a judge, elected to an office under a law which was held to be unconstitutional, was a *de facto* officer, and that acting as he did, under color of office, his acts were as valid as if the law had been constitutional.

To constitute an officer *de facto* it is not necessary that he should derive his appointment from one competent to invest him with a good title to the office. The People ex rel. v. Lieb, 85 Ill. 489.

In this country the acts of *de facto* officers are everywhere considered valid as respects the public, but invalid as to themselves. 5 Am. and Eng. Ency. of Law, 107.

An appeal from the judgment of the Circuit Court to the Supreme Court does not vacate the judgment or destroy its lien on real estate or its capacity to become a lien on land acquired pending the appeal. Its only effect is to operate as a stay of proceedings to enforce the judgment. Oakes v. Williams, 107 Ill. 154.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was a suit commenced by appellee in the Circuit Court of Clark County to recover for services as teacher of the public school, in School District No. 7, Tp. No. 12, Range No. 11, W. 3. P. M., in said county, for six months, commencing August 26, 1895, and ending February 26, 1896, at $45 per month. The proofs taken, on the trial in the court below, show that this school district, in April, 1895, held an election to elect two school directors; and that Samuel Page and W. D. Rollins were declared elected as such directors. Shortly after said election, and within the time allowed by law, John Kuykendall and W. M. Mott contested in the County Court of Clark County, said election of said Page and Rollins. The result of said contest, after the trial thereof, was that said County Court adjudged, in June, 1895, that said Kuykendall and Mott were elected directors at said election, and not said Page and Rollins, and the latter were, by said judgment, ousted from said office, and the former invested therewith. Four days after the County Court so adjudged, said Page appealed from its judgment, to the Supreme Court, which latter court, on May 26, 1896, reversed the judgment of said County Court, holding that said Page, and not Kuykendall, was elected such director. From the time of the rendition of the judgment of said County Court, in June, 1895, to May 26, 1896, the date of the decision of the Supreme Court, said Kuykendall with said Mott, acted as school directors of said district, and during said time, to wit, on August 10, 1895, they having requested one Volkers, the other school director of said district, to act with them, contracted in writing with appellee to teach a six months' school in said district;

which she did, commencing August 26, 1895, and continuing until February 26, 1896. At the time said contract was made, and during the time appellee taught said school, she held a regular certificate to teach, issued by the superintendent of public schools for Clark County, Illinois. Said Volkers failed or refused to act with said Kuykendall and Mott during all the time said Kuykendall was acting as such school director, but he did insist that said Page was such director, and not Kuykendall, and he and said Page claimed to act as said directors. When appellee took possession of said school, and commenced to teach, some slight acts of opposition were manifested thereto, and all along during the said six months she and said Mott and Kuykendall were compelled to use precautions to continue said school, inasmuch as said Page and Volkers claimed to be the legal directors of said district, and claimed that as such they had employed one Wm. Handy to teach said school, from September 2, 1895, to March 1, 1896, at $45 per month, and they wanted him to teach the school according to their contract with him. But appellee with the aid of said Mott and Kuykendall succeeded in keeping possession of the school house, and maintaining a good public school for the six months commencing August 26, 1895, and ending February 26, 1896. No other public school was maintained in said district during the time, and the children of the district generally attended. Said Mott and Kuykendall, upon monthly schedules properly made out by appellee, issued to her school orders upon the school treasurer of said district, for each of said six months she so taught, and appellee kept a register as provided by law, for said time; but said school treasurer failed or refused to pay said orders, and this suit was commenced March 18, 1896, by appellee against appellant for her wages as teacher

of said school for said six months, at $45 per month, and upon the trial thereof the jury found for appellee, and the court below gave her a judgment on their verdict.

Appellant appeals to this court, and insists principally here that the judgment ought to be reversed, because inasmuch as the Supreme Court decided that Page and not Kuykendall was the legal director of said district, that appellee was not employed to teach by a majority of the directors of said district; but we think that the evidence fully establishes the fact that said Kuykendall was *de facto* school director of said district, from the date of the judgment of the County Court in June, 1895, to May 26, 1896, when the Supreme Court, on appeal from said judgment, decided that said Page was such school director; and while such *de facto* director, his acts as to third parties were binding upon appellant. We think appellee gave to appellant her services, after being employed by directors competent to bind appellant, and ought to be paid therefor.

Appellant claims errors were committed by the trial court in its rulings on the evidence and instructions.

We have carefully considered these, and are satisfied the trial court committed no reversible error, as claimed by appellant. We therefore affirm the judgment of the Circuit Court of Clark County in this case. Judgment affirmed.